# UNITED STATES DISTRICT COURT
# DISTRICT OF MINNESOTA

| | |
|---|---|
| James Thomas and Diane E. Thomas, husband and wife, | Civil No. 12-2616 (DWF/TNL) |
| Plaintiffs, | |
| v. | **MEMORANDUM OPINION AND ORDER** |
| New York Mellon f/k/a as Trustee for the Certificateholders CWMBS, Inc. Alternative Loan Trust 2006-8T1 Mortgage Pass-through Certificate Series 2006-7, | |
| Defendant. | |

Aaron M. Lorentz, Esq., and Richard L. Morris, Esq., Morris Law Group, PA; and Richard M. Carlson, Esq., counsel for Plaintiffs.

Jared M. Goerlitz, Esq., Peterson, Fram & Bergman, PA, counsel for Defendant.

## INTRODUCTION

This matter is before the Court on a Motion to Dismiss brought by Defendant New York Mellon f/k/a as Trustee for the Certificateholders CWMBS, Inc. Alternative Loan Trust 2006-8T1 Mortgage Pass-through Certificate Series 2006-7 ("Defendant") (Doc. No. 15). For the reasons set forth below, the Court grants Defendant's motion.

## BACKGROUND

Husband and wife James Thomas and Diane E. Thomas (together, "Plaintiffs") bring this action to void the foreclosure sale of their home in Edina, Minnesota (the

"Property"). (Doc. No. 14, Am. Compl. ¶¶ 1-3, 28.) On January 25, 2006, Plaintiff James Thomas obtained a loan from, and executed a note in favor of, Countrywide Home Loans, Inc. ("Countrywide"). (*Id.* ¶¶ 7-8.) Plaintiffs also executed a mortgage in favor of Mortgage Electronic Registration Systems, Inc. ("MERS"). (*Id.* ¶ 10.) On July 6, 2009, MERS assigned the mortgage to Defendant. (*Id.* ¶¶ 2, 11.)

Plaintiffs defaulted on the loan, and Defendant commenced foreclosure by advertisement proceedings on or about September 9, 2011. (*See id.* ¶ 13.) On October 5, 2011, Plaintiff Dianne E. Thomas was personally served with a notice of mortgage foreclosure sale while she was in her vehicle on Schaefer Road, outside the Property. (*Id.* ¶¶ 15-16.) The sheriff's sale of the Property occurred on November 4, 2011, at which time Defendant purchased the Property for the sum of $3,808,280.97. (*Id.* ¶ 20.)

Plaintiffs' Amended Complaint asserts one count for declaratory judgment, seeking to set aside and void the foreclosure sale of the Property. (*Id.* ¶¶ 27-28.) Defendant now moves to dismiss.

## DISCUSSION

### I. Legal Standard

In deciding a motion to dismiss pursuant to Rule 12(b)(6), a court assumes all facts in the complaint to be true and construes all reasonable inferences from those facts in the light most favorable to the complainant. *Morton v. Becker*, 793 F.2d 185, 187 (8th Cir. 1986). In doing so, however, a court need not accept as true wholly conclusory allegations, *Hanten v. Sch. Dist. of Riverview Gardens*, 183 F.3d 799, 805 (8th Cir. 1999), or legal conclusions drawn by the pleader from the facts alleged. *Westcott v. City*

*of Omaha*, 901 F.2d 1486, 1488 (8th Cir. 1990). A court may consider the complaint, matters of public record, orders, materials embraced by the complaint, and exhibits attached to the complaint in deciding a motion to dismiss under Rule 12(b)(6). *Porous Media Corp. v. Pall Corp.*, 186 F.3d 1077, 1079 (8th Cir. 1999).

To survive a motion to dismiss, a complaint must contain "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 545 (2007). Although a complaint need not contain "detailed factual allegations," it must contain facts with enough specificity "to raise a right to relief above the speculative level." *Id*. at 555. As the United States Supreme Court recently reiterated, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements," will not pass muster under *Twombly*. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Twombly*, 550 U.S. at 555). In sum, this standard "calls for enough fact[s] to raise a reasonable expectation that discovery will reveal evidence of [the claim]." *Twombly*, 550 U.S. at 556.

## II.     Motion to Dismiss

Plaintiffs claim that substitute service of the foreclosure notice upon Plaintiff Diane E. Thomas (as opposed to Plaintiff James Thomas, who executed the note) was ineffective, and the sale of the Property is thus invalid and void.

The Minnesota Rules of Civil Procedure provide, in relevant part:

**4.03 Personal Service**

Service of summons within the state shall be as follows:

> **(a) Upon an Individual.** Upon an individual by delivering a copy to the individual personally or by leaving a copy at the individual's usual place of abode with some person of suitable age and discretion then residing therein.
>
> If the individual has, pursuant to statute, consented to any other method of service or appointed an agent to receive service of summons, or if a statute designates a state official to receive service of summons, service may be made in the manner provided by such statute.
>
> If the individual is confined to a state institution, by serving also the chief executive officer at the institution.
>
> If the individual is an infant under the age of 14 years, by serving also the individual's father or mother, and if neither is within the state, then a resident guardian if the infant has one known to the plaintiff, and if the infant has none, then the person having control of such defendant, or with whom the infant resides, or by whom the infant is employed . . . .

Minn. R. Civ. P. 4.03(a).

Moreover, the foreclosure statute, Minn. Stat. § 580.03, requires that, at least four weeks prior to the foreclosure sale, a copy of the foreclosure notice "shall be served in like manner as a summons in a civil action in the district court upon the person in possession of the mortgaged premises, if the same are actually occupied." *United States v. House*, 100 F. Supp. 2d 967, 973 (D. Minn. 2000), quoting Minn. Stat. § 580.03. It is clear that Plaintiff Diane Thomas was "in possession of the mortgaged premises" as she was served right outside the Property. Notably, Plaintiffs do not deny that Ms. Thomas

was one of the individuals in possession of the Property.[1]  Defendant thus appears to have satisfied the requirements of Minn. Stat. § 580.03.[2]

Still, assuming that Defendant was required to satisfy the elements of substitute service, the Court finds that the service was effective.  The purpose of service of process is to give notice; thus, service must be "reasonably calculated to reach" the intended recipient.  *House*, 100 F. Supp. 2d at 973; *see also Mullane v. Central Hanover Bank & Trust Co.,* 339 U.S. 306, 314 (1950) (stating that due process requires "notice reasonably calculated, under all the circumstances, to apprise interested parties of the pendency of the action and afford them an opportunity to present their objections").

Here, Plaintiffs concede that James Thomas had actual notice of the foreclosure sale.  As such, "the rules governing service should be liberally construed to uphold the service."  *Minn. Mining & Mfg. Co. v. Kirkevold*, 87 F.R.D. 317, 323 (D. Minn. 1980); *see also House*, 100 F. Supp. 2d at 975 n.4 ("This 'actual notice' exception has been recognized only in cases involving substitute service at a defendant's residence . . . . However, actual notice will not subject defendants to personal jurisdiction absent substantial compliance with Rule 4.").

---

[1]  Nor have Plaintiffs identified any prejudice to Mr. Thomas—the individual with the claimed "superior property interest"—from the service as effectuated on his wife. *See Farm Credit Bank of St. Paul v. Kohnen*, 494 N.W.2d 44, 48 (Minn. Ct. App. 1992).

[2]  The Court acknowledges that Minnesota courts require strict compliance with foreclosure by advertisement statutes. *Ruiz v. 1st Fidelity Loan Servicing, LLC*, 829 N.W.2d 53, 56-59 (Minn. 2013); *see Sari v. Wells Fargo Bank, N.A.*, Civ. No. 12-1780, 2012 WL 4820148, at *4 (D. Minn. Oct. 10, 2012).

With respect to substitute service, there is no dispute that Plaintiff Diane Thomas resided in the Property (which was also Plaintiff James Thomas's "usual place of abode") or that Ms. Thomas was "of suitable age and discretion." The only issue before the Court, therefore, is whether service was effected "at" the Property. Plaintiffs argue that, because Ms. Thomas was served on the public street in front of the residence, service was not effected "at" the home.

The service here, at a minimum, substantially complied with the requirements of Rule 4.03(a). Considering the specific facts of this case, the Court finds that service on Plaintiff Diane Thomas, on the street just outside the gate to the Property, was sufficient to satisfy due process and to constitute service "at" Plaintiff James Thomas's usual place of abode. It is further evident that the actual notice exception applies to Defendant's service upon Ms. Thomas, since the service took place just outside the Property, and Plaintiffs concede that Mr. Thomas became aware of the foreclosure sale paperwork. *See House*, 100 F. Supp. 2d at 975 n.4.

The Court concludes that, under the circumstances present here, the method of service employed by Defendant was reasonably calculated to provide actual notice to Plaintiff James Thomas, and therefore should be upheld. *See Kirkevold*, 87 F.R.D. at 323; *see also Larson v. Hendrickson,* 394 N.W.2d 524, 526 (Minn. Ct. App. 1986) (concluding that actual notice contributed to a finding of effective service). Plaintiffs' claims in this action turn entirely on the sufficiency of the service of process. Consequently, the Court grants Defendant's motion to dismiss.

## ORDER

Based upon the foregoing, **IT IS HEREBY ORDERED** that:

1. Defendant's Motion to Dismiss (Doc. No. [15]) is **GRANTED**.

2. Plaintiffs' Amended Complaint (Doc. No. [14]) is **DISMISSED WITH PREJUDICE**.

**LET JUDGMENT BE ENTERED ACCORDINGLY.**

Dated: May 24, 2013         s/Donovan W. Frank
                            DONOVAN W. FRANK
                            United States District Judge